*NOT FOR PUBLICATION*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
:
VINCENT AGBOTTAH and EILEEN :
AGBOTTAH, :
:
    Plaintiffs, :
:    Civil Action No. 12-1019
    v. :
:    **OPINION**
ORANGE LAKE COUNTRY CLUB :
and EXPERIAN, :
:
    Defendants. :
:
_____ :

**WOLFSON, United States District Judge**:

    Defendant Orange Lake Country Club ("Defendant" or "OLCC") moves to dismiss the pro se complaint of Plaintiffs Vincent Agbottah and Eileen Agbottah ("Plaintiffs" or "Agbottahs") Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternately, Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6), alleging the Complaint does not meet the heightened standard of pleading fraud under Fed. R. Civ. P. 9(b). Plaintiffs allege that they entered into a timeshare agreement with Defendants, but that the agreement was subsequently cancelled at the request of Plaintiffs. Plaintiffs assert that Defendant then violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by submitting to Defendant Experian ("Experian") an allegedly improper credit report for unpaid sums related to that agreement. For the reasons set out below, this Court finds that it does not have personal jurisdiction over

1

Defendant but, rather than dismiss the case, will transfer this matter to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court begins by noting that Plaintiffs' nine-paragraph Complaint does not contain a full account of the facts underlying Plaintiffs' claim. Generally, while a motion to dismiss usually calls for consideration of Plaintiffs' claim within the four corners of the Complaint, the Court may consider documents not attached to the Complaint when "no party questions" their authenticity and when those documents are "referred to in the plaintiff's complaint and are central to the claim." Winer Family Trust v. Queen, 503 F.3d 319 (3d Cir. 2007) (finding that the District Court properly considered a document "integral to and/or . . . explicitly relied upon by the amended complaint"); see also Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted). Moreover, Plaintiffs have filed *pro se*, and thus the Court exercises solicitude in interpreting the facts alleged. See, Lyden v. Susser, No. 93-3949, 1994 U.S. Dist. LEXIS 4048, at *24 (D.N.J. 1994). Accordingly, in order to supply a full factual background, the Court considers documents attached to Plaintiffs' and Defendant's Declarations that include facts which the parties do not dispute in their submissions.

In December, 2009, while vacationing in Florida, Plaintiffs entered into a timeshare agreement with Orange Lake Resorts, a subsidiary of Defendant. (Agbottah Decl., Ex. 5 at ¶ 1.) The agreement between Plaintiffs and Defendant guaranteed to Plaintiffs a one-week biennial stay at a condominium in Orange Lake, Vermont. (Mogavero Decl., Ex. C at 1.) Plaintiffs allege that their timeshare agreement resulted in a "bait and switch"—rather than being booked at the location specified in the contract, Plaintiffs assert they were sent to a "Holiday Inn property at a totally different location." (Compl. ¶ 3.) Moreover, Plaintiffs allege that

Defendants misrepresented the value of Plaintiff's timeshare interest, inducing Plaintiffs to sign the contract at issue.[1] (Compl. ¶ 3.) Plaintiffs, dissatisfied with their experience, "had to fight for several months" to "cancel the contract." (Compl. ¶ 3.) Plaintiffs allege that "Defendant cancelled the contract and released Plaintiffs from all contractual obligations to Orange Lake Country Club." (Compl. ¶ 4.) Subsequently, after applying for a mortgage on an unrelated property, Plaintiffs discovered that Defendants had filed a credit report with Experian for Plaintiff's failure to pay the remainder of the timeshare's contract price. (Compl. ¶¶ 1, 5.)

Plaintiffs are both residents of Trenton, New Jersey. Defendant is a Florida corporation with its principal place of business in Kissimmee, Florida. Plaintiffs' Complaint does not allege where Experian is incorporated or located, however, other courts have noted that Experian is "an Ohio corporation with its principal place of business in Costa Mesa, California." TransUnion Intelligence LLC v. Search America, Inc., NO. CIV.A. 2:10-130-TJW, 2011 WL 1327038, *1 (E.D.Tex. Apr. 05, 2011). See also Chicke v. Experian, NO. CIV. 1:CV-09-1456, 2009 WL 3287388, *1 (M.D.Pa., Oct. 13, 2009). Defendant Orange Lake is registered in New Jersey for the limited purpose of telemarketing timeshares to New Jersey residents. Pursuant to that registration, Defendant may direct phone calls toward New Jersey residents, encouraging them to purchase timeshares.

In January, 2012, Plaintiffs filed a Complaint in the Superior Court of the State of New Jersey. While the complaint is not artfully drafted, it is apparent that Plaintiffs seek to assert an

---

[1] Plaintiffs allege that a third-party, Resorts Condominium International, converts timeshares to point values and allows timeshare holders to exchange points for alternate locations. (Pl. Mem. in Opp., pp. 7-9.) Plaintiffs allege that Defendant misrepresented the worth of both Plaintiffs' Florida and Vermont timeshares, valuing each at roughly four times its actual value. (Id. at 8-9.) However, none of this information is alleged in the Complaint itself.

3

FCRA claim,[2] pursuant to 15 U.S.C. § 1681(a), based upon Defendant's allegedly false credit report to Experian.  Specifically, Plaintiffs allege that Defendant "knowingly, intentionally, and willfully filed a false credit report about Plaintiffs with . . . Experian . . . with intent of causing the Plaintiffs harm …."  (Compl., ¶ 1)  According to Plaintiffs, Defendant's false report stated that Plaintiffs were delinquent in failing to pay $12,096 on the timeshare contract.  (Id. at ¶ 3.)  Plaintiffs assert that they are entitled to disgorgement of the funds they paid under the agreement among other monetary relief.  (Id. at ¶ 8.)

On February 21, 2012, Orange Lake filed a Notice of Removal on federal question and diversity grounds, thereby removing Plaintiffs' suit to this Court.  Defendants now move for dismissal under Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction, or, in the alternative, dismissal under Fed. R. Civ. P. 12(b)(6) for failure to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b).  Furthermore, Defendants argue that, via a forum selection clause, Plaintiff agreed to pursue any and all litigation in Orange County, Florida, and as such, the case should be dismissed from its current venue and moved to the District Court for the Middle District of Florida under 28 U.S.C. § 1404(a).

Finally, Plaintiffs filed a cross-motion for summary judgment, which this Court denied without prejudice in light of Plaintiffs' failure to furnish the statement of material facts required by Local Rule 56.1(a).  Plaintiffs have since filed a statement of material facts and now request that the Court consider their cross-motion.

## II. LEGAL STANDARD

---

[2] Because Plaintiffs' Complaint was not clearly drafted, the Court directed Plaintiffs to file a document clarifying their intended causes of action.  See Letter Order dated May 9, 2012.  Plaintiffs complied with the Court's directive, and the Court's reading of Plaintiffs' Complaint is informed by the clarification letter they submitted.  See Letter from Vincent & Eileen Agbottah listing causes of action dated May 16, 2012; Letter with Amended Causes of Action from Vincent Agbottah and Eileen Agbottah dated May 21, 2012.

A federal court may assert personal jurisdiction over an out-of-state defendant to the extent authorized by state law.  Provident Nat'l Bank v. Calif. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987).  New Jersey's "long-arm" statute, R. 4:4-4(b)(1) (2010), provides for personal jurisdiction over non-residents to the "uttermost limits permitted by the United States Constitution."  Avdel Corporation v. Mecure, 58 N.J. 264, 268 (1971).  Thus, this Court can only assert personal jurisdiction as permitted by the Fourteenth Amendment.  See Fisher v. Teva PFC SRL, 212 Fed. Appx. 72, 75 (3d Cir. 2006); Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).

Courts can exercise either general or specific jurisdiction over a defendant.  A state can properly exercise general jurisdiction over a defendant who has "continuous and systematic" contacts with the forum state.  Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984).  A Plaintiff must set forth "extensive and persuasive" facts showing general jurisdiction.  Reliance Steel Prods. v. Watson, Ess, Marshall, 675 F.2d 587, 589 (3d Cir. 1982).

However, where the cause of action "is related to or arises out of the defendant's contacts with the forum [and] the defendant has . . . sufficient 'minimum contacts' with the forum," the forum state can exercise 'specific jurisdiction' over the defendant.  Pinker v. Roche Holdings Ltd., 292 F.3d 361 (3d Cir. 2002).  Specific jurisdiction is evaluated on a "claim-by-claim basis," unless the claims are "factually overlapping" such that the court "need not analyze them separately."  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 n.3 (3d Cir. 2007).  The touchstone of the specific jurisdiction inquiry is whether or not the Defendant's deliberate actions in the state show that Defendant "reasonably anticipate[d] being haled into court there."  World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980) (internal citations omitted).  Indeed, for both specific and general jurisdiction, the contacts must demonstrate that

5

"Defendant purposefully avail[ed] itself of the privileges of conducting activities in the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

## III.  DISCUSSION

Defendant argues that the Court should dismiss Plaintiffs' Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  Alternately, Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), alleging the Complaint does not plead fraud according to the heightened standards of Fed. R. Civ. P. 9(b).  Finally, Defendant points to a forum selection clause signed by both parties in their original timeshare agreement, which provides that "[v]enue for any legal action in connection herewith shall lie only in the appropriate court in Orange County, Florida." (Mogavero Decl., Ex. C ¶ 27.)  The Court will begin by considering whether it can exercise personal jurisdiction over Defendants.

### A.  General Jurisdiction

Defendant's contacts in the State of New Jersey do not establish general jurisdiction. Plaintiffs insist that Defendant's telemarketing activities in the state establish personal jurisdiction, and Defendant does not contest its registration in New Jersey to conduct telemarketing sales.  However, neither a certificate to do business in New Jersey nor mere solicitation of business is sufficient to confer general jurisdiction.  Smith v. S&S Engineering Works, 139 F. Supp. 2d 610, 620 n.6 (D.N.J. 2001) (citing Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 183 (5th Cir. 1992)).  See also Kubin v. Orange Lake Country Club, Inc., No. 10-1643, 2010 WL 3981908, at *8 (D.N.J. Oct. 8, 2010).

Moreover, this Court has held that a corporation "[does] business' within the state when its activities constitute 'solicitation *plus*' other activities."  Kubin, 2010 WL 3981908, at *8

(citing A. & M. Trading Corp. v. Penn. R. Co., 13 N.J. 516, 523 (1953)).  Here, Plaintiffs do not allege that Defendant engages in anything more than telemarketing in New Jersey.  Plaintiffs do not even allege the volume of telemarketing calls OLCC directs toward the state, nor do they describe any agents, property, records, or other contacts OLCC maintains in New Jersey.  See id. at *3 (listing factors considered by general jurisdiction cases).  Nor do Plaintiffs allege that Defendant's telemarketing contacts with New Jersey "form an integral part of an ongoing business relationship" between the parties.

Therefore, in light of the lack of allegations regarding Defendant's contacts with New Jersey, the Court finds that Plaintiff has not established that Defendant has continuous and systematic contacts in New Jersey.  For this reason, the Court cannot properly exercise general jurisdiction over Defendant.

### B.     Specific Jurisdiction

Plaintiffs have also failed to establish specific jurisdiction.  Acts conducted within a state, alone, do not demonstrate specific jurisdiction—the activity must have given rise to the cause of action.  See Burger King, 471 U.S. at 472.  In other words, "there must be contacts between the transaction at issue and the forum state, as opposed to contacts between the defendant and the forum state."  W. Union Tele. Co. v. T.S.I., Ltd., 545 F. Supp. 329, 334 n.7 (D.N.J. 1982).  Thus, for the Court to properly exercise specific jurisdiction here, OLCC's contacts with New Jersey must have given rise to the allegedly false credit report to Defendant Experian.  See Harris v. Trans Union, 197 F. Supp. 2d 200 (E. D. Penn. 2002).

There is no evidence that Defendant's contacts with New Jersey gave rise to the allegedly erroneous credit report.  As noted, Plaintiffs' sole allegation in this regard is that Defendants filed a credit report with Defendant Experian; Plaintiff does not assert that the report was mailed

or otherwise transmitted to an Experian location in New Jersey.[3] (Compl. ¶ 1.) Moreover, merely filing a credit report does not demonstrate "purposeful availment" within the target state. See Harris, 197 F. Supp. 2d 200 (finding that a letter to a Pennsylvania credit agency reporting Plaintiff's debt, and two subsequent phone calls to that agency, did not justify specific jurisdiction over Defendant in Pennsylvania); see also Lockard v. Equifax, Inc., 163 F.3d 1259 (11th Cir. 1998) (finding that Defendant sending an allegedly defamatory tape to a Georgia credit agency did not permit the state of Georgia to exercise specific jurisdiction over Defendant). Thus, the controversy here—the purportedly false credit report by OLCC to Defendant Experian—does not arise out of, or relate to, OLCC's contacts with the state of New Jersey.

Plaintiffs suggest, without explanation, that the Calder 'effects test' permits this court to exercise specific jurisdiction. See Calder v. Jones, 465 U.S. 783 (1984). The Calder test has three primary elements: "First, the defendant committed an intentional tort. Second, the forum was the focal point of the harm suffered by the plaintiff as a result of that tort. Third, the forum was the focal point of the tortious activity in the sense that the tort was 'expressly aimed' at the forum." IMO Indus. v. Kiekert AG, 155 F.3d 254, 261 (3d Cir. 1998). However, "the mere allegation that the plaintiff feels the effect of defendants' tortious conduct in the forum because plaintiff is located there" does not fulfill the test. Id. at 263. See also Marten v. Godwin, 499 F.3d 290, 297 (3d Cir.2007) ("[T]he effects test prevents a defendant from being haled into a

---

[3] As indicated above, courts have noted that Experian is an Ohio corporation with its principal place of business in California. However, the Court does not make any finding in this case as to Experian's state of incorporation or principal place of business. Indeed, the jurisdictional inquiry here must focus on whether there are any contacts with New Jersey—not Experian's domiciles.

jurisdiction solely because the defendant intentionally caused harm that was felt in the forum state if the defendant did not expressly aim his conduct at that state.")

The Court finds that the Calder test does not apply in this case. Plaintiffs allege that the brunt of the harm suffered occurred in New Jersey, contending that Defendant's actions caused "severe financial harm," and prevented Plaintiffs from obtaining a mortgage. (Compl. ¶¶ 2, 5.) Plaintiffs also contend that Defendant "willfully and intentionally" filed a "false credit report with the intent to harm the Plaintiffs." (Compl. ¶ 7.) However, for Calder to apply, "[t]he defendant must manifest behavior intentionally targeted at and focused on the forum." Remick v. Manfredy, 238 F.3d 248, 258 (3d Cir. 2001). Plaintiffs have not alleged that Defendant "expressly aimed" its conduct at the forum state, as envisioned by the Calder Court. See Calder, 465 U.S. at 791 (permitting jurisdiction in California because Defendant's "intentional conduct in Florida [was] *calculated* to cause harm to respondent *in California*" (emphasis added)).

To allege express targeting of harm at New Jersey, Plaintiffs would have to assert that Defendants focused its actions toward New Jersey by directing their allegedly slanderous conduct at individuals or businesses located in the state. See Marten, 499 F.3d at 298 ("If a plaintiff fails to show that the defendant manifested behavior intentionally targeted at and focused on the forum, the plaintiff fails to establish jurisdiction under the effects test.") (internal citations and alterations omitted). By way of example, a plaintiff might assert that a defendant mailed a fraudulent credit report directly to credit providers in New Jersey with the hope of preventing the plaintiff from obtaining credit from those providers. Here, in contrast, Plaintiffs have asserted no such direct targeting towards New Jersey. Indeed, Plaintiffs allege only that they felt the effects of the tort in their home state, by nature of residing there, which is patently

9

insufficient to invoke the 'effects test.' See IMO Indus., 155 F.3d at 261. Thus, the Court finds the Calder test inapplicable here.[4]

Having concluded that there is no basis for general or specific jurisdiction, this Court cannot exercise personal jurisdiction over Defendant. "[W]here the original venue is improper," 28 U.S.C. § 1406(a) provides for transfer or dismissal of a case. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." NCR Credit Corp. v. Ye Seekers Horizon, 17 F. Supp. 2d 317, 319 (D.N.J. 1998) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)). See also Markey v. Fastuca, NO. CIV. 05-1450, 2006 WL 469948, *3 (D.N.J., Feb. 27, 2006). Accordingly, the Court will transfer this case to the United States District Court for the Middle District of Florida.

### C. Other Motions

Because the court grants Defendant's motion to dismiss on jurisdictional grounds, the Court need not consider Defendant's alternative Motion to Dismiss for failure to state a claim upon which relief can be granted. The Court makes no finding with regard to the sufficiency of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) or whether it meets the heightened standard of Fed. R. Civ. P. 9(b). Nor will the Court reach a determination with regard to the validity of

---

[4] Further, to the extent Plaintiffs argue that the Court should look to the facts underlying the parties' negotiations of their timeshare agreement as part of the specific jurisdiction analysis, Plaintiffs have not alleged any facts indicating that Defendant targeted New Jersey during the contract formation process. For one, the complaint does not allege where the negotiations took place or where the agreement was executed. Second, Defendant submitted a declaration from its Senior Director and Corporate Counsel, attesting that Plaintiffs "discussed, negotiated, and ultimately executed [the agreement]" while they were "physically present in Orange County, FL" on December 24, 2009. Webb Decl., ¶ 7. See also id., ¶ 4 ("all of [Orange Lake's] sales take place in Florida"). Accordingly, looking to these facts would only buttress my conclusion that personal jurisdiction is lacking here.

the forum selection clause in Plaintiffs' and Defendant's original contract.  Lastly, in light of the Court's decision to transfer this case, the Court will not address whether Plaintiffs' cross-motion should now be considered in light of Plaintiffs' late filing of their statement of material facts.

## V.     CONCLUSION

Defendant's motion to dismiss for lack of personal jurisdiction is granted.  In lieu of dismissal, the Court will transfer this matter to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).  An order will be entered consistent with this Opinion.


Dated: July 6, 2012                                         /s/ Freda L. Wolfson
                                                            Freda L. Wolfson, U.S.D.J.